CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
DEC - 1 2005
JOHN F. CORCORAN
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TORRUELLA LEWIS, | ) | |
| Petitioner, | ) | Case No. 7:05CV00506 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN B.A. BLEDSOE, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Torruella Lewis, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Lewis challenges the Federal Bureau of Prisons' method of calculating good conduct time. The respondent has filed a motion to dismiss to which Lewis has responded, making the petition ripe for consideration. For the reasons set forth below, I will grant the respondent's motion to dismiss.

I.

Under 18 U.S.C. § 3624, the Bureau of Prisons is authorized to award good conduct time to prisoners. 18 U.S.C. § 3624(b)(1). Credit for good conduct time is subtracted from the prisoner's sentence, such that the prisoner becomes eligible for release before serving the full sentence imposed by the sentencing court. 18 U.S.C. § 3624(a). Section 3624 provides, in pertinent part, as follows:

> [A] prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional regulations....If the Bureau determined that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the

> prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate....Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six months of the sentence.

18 U.S.C. § 3624(b)(1). The Bureau of Prisons has interpreted the statute to award 54 days of good conduct time for "each year served." 28 C.F.R. § 325.20.

II.

In the present action, Lewis argues that the Bureau of Prisons' method of calculating good conduct time is contrary to the plain language of § 3624. Lewis contends that by using the phrase "term of imprisonment" in § 3624(b), Congress intended for good conduct time to be awarded based on the length of the sentence imposed by the sentencing court, rather than the amount of time actually served. Therefore, Lewis argues that the Bureau of Prisons should calculate his good conduct time by multiplying his 16 and one-half year sentence by 54, which results in 891 days of credit.

As the respondent explains in his motion to dismiss, the United States Court of Appeals for the Fourth Circuit recently rejected the same arguments in Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005). The Court held that the Bureau of Prisons had "reasonably interpreted [§ 3624] so as to require the calculation of [good conduct time] based upon the inmate's time served." Id. at 534. The Court noted that "[t]he view that a prisoner should accrue 54 days of credit for each 365 days of good behavior is consistent with Congress' mandate that the BOP reward a prisoner 'at the end of each year' for good behavior demonstrated 'during that year.'" Id. (citing 18 U.S.C. § 3624(b)(1)). Thus, the Court deferred to the Bureau of Prisons' "reasonable construction" of § 3624. Id.

2

III.

Based on the Fourth Circuit's decision in Yi, Lewis' petition must be dismissed. Accordingly, I will grant the respondent's motion. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 1st day of December, 2005.

*/s/ Jackson L. Kiser*
Senior United States District Judge